IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | CRIMINAL ACTION |
|---|---|
| v. | |
| NIYAZ SAINUDEEN | NO. 12-194 |

DuBois, J.  July 6, 2018

**M E M O R A N D U M**

## I. INTRODUCTION

This is a motion for relief pursuant to 28 U.S.C. § 2255 brought by a federal prisoner, Niyaz Sainudeen ("defendant"). On February 25, 2016, defendant filed the *pro se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence by a Person in Federal Custody at issue, setting forth five claims for relief, all for ineffective assistance of counsel. Defendant's Motion is denied and dismissed on the grounds that he fails to show that counsel's performance was deficient and that he was prejudiced by any alleged error by counsel.

## II. BACKGROUND

On July 21, 2011, and again on October 3, 2011, defendant shared hundreds of child pornography images with an undercover law enforcement agent. On March 8, 2012, law enforcement officers executed a search warrant at defendant's home and seized defendant's computer, which contained child pornography. Hr'g Tr. 82–84, Oct. 11, 2012. Also on March 8, 2012, defendant booked a flight to Abu Dhabi, United Arab Emirates, en route to India, leaving that same day. Agents intercepted defendant at John F. Kennedy International Airport and arrested him. Hr'g Tr. 84–85, Oct. 11, 2012.

Defendant was charged in an Indictment with four counts relating to child pornography: Counts One and Two charged defendant with distribution of child pornography in violation of 18 U.S.C. § 2252(a)(2); Count Three charged defendant with receipt of child pornography in violation of § 2252(a)(2); and Count Four charged defendant with possession of child pornography in violation of § 2252(a)(4)(B).

Defendant retained Todd Henry ("Henry") as counsel. Henry advised defendant to plead guilty notwithstanding the fact that the Government did not offer a plea agreement. Mot. 18–19. On October 11, 2012, defendant pled guilty to all four counts of the Indictment. On June 24, 2013, Judge James Knoll Gardner, the judge to whom the case was initially assigned[1], sentenced defendant to, *inter alia*, 151 months imprisonment and 5 years supervised release.

On June 27, 2013, defendant filed a Notice of Appeal in the United States Court of Appeals for the Third Circuit. Henry then moved to withdraw as counsel on appeal; that motion was granted. The Third Circuit next appointed a public defender to represent defendant in his appeal. Thereafter, defendant retained Peter Goldberger ("Goldberger"). Hr'g Tr. 12, Nov. 17., 2016.

Defendant raised three issues on appeal: (1) the sentence was procedurally and substantively unreasonable; (2) the District Court violated defendant's double jeopardy rights by not merging the separate counts for receipt and possession of child pornography at sentencing; and (3) the District Court erred in imposing a general custodial sentence on all counts. *United States v. Sainudeen*, 570 Fed.App'x 201, 201 (3d Cir. 2014). On June 19, 2014, the Third Circuit vacated the sentence and remanded the case on the ground

---

[1] Judge Gardner died on April 26, 2017. The case was transferred to the undersigned judge on June 15, 2017.

that the District Court committed plain error in imposing a general custodial sentence on all counts. *Sainudeen*, 570 Fed.App'x at 201. The Third Circuit did not address the other two issues raised in defendant's appeal. *Id.* at 202.

Judge Gardner conducted a Re-sentencing Hearing on February 5 and 10, 2015, and imposed a sentence of 151 months on Counts One through Three and 120 months on Count Four, all to be served concurrently. Following imposition of sentence, Judge Gardner conducted a colloquy in which he informed defendant of his appellate rights. Hr'g Tr. 30–41, Feb. 10, 2015.

During a brief conversation with defendant in the courtroom following the Re-sentencing Hearing, Goldberger told defendant that he did not immediately see any grounds for filing a second appeal, but he would reflect further and speak with defendant's family about an appeal. Hr'g Tr. 16, 35–39, 57, Nov. 17, 2016. Defendant asked how much a second appeal would cost, and Goldberger responded that he would charge $15,000 less than what he charged for defendant's first appeal. Hr'g Tr. 16, Nov. 17, 2016. Defendant told Goldberger he did not have the money for a second appeal. Hr'g Tr. 16, Nov. 17, 2016.

After the Re-Sentencing Hearing, Goldberger communicated with defendant's wife and brother regarding a second appeal. Hr'g Tr. 70–72, 77–82, 109–120, Nov. 17, 2016; Gov't Exhibit 3. A few days after the re-sentencing, Goldberger decided that there were non-frivolous grounds for a second appeal—the sentence was procedurally and substantively unreasonable. Hr'g Tr. 59, Nov. 17, 2016; Gov't Exhibit 3. Goldberger then sent defendant's wife and brother several emails to determine if defendant had made a decision regarding filing a second appeal. Gov't Exhibit 3. In a March 11, 2015 email

sent to defendant's wife, Goldberger briefly stated the basis for a second appeal. Gov't Exhibit 3. Defendant's wife ultimately informed Goldberger on April 15, 2018—after the deadline to appeal passed—that defendant did not want to go forward with the appeal. Gov't Exhibit 3.

Defendant filed a *pro se* Motion Under 28 U.S.C .§ 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on February 8, 2016. Pursuant to Judge Gardner's Order directing defendant to re-file the motion on the proper form, defendant filed the pending Motion on the Court's standard form on February 25, 2016. The Government filed a Response and defendant filed a Reply. By Order dated July 28, 2016, Judge Gardner appointed Marc S. Fisher to represent defendant on the § 2255 Motion.

Judge Gardner conducted an evidentiary hearing on November 17, 2016. He died on April 26, 2017. The case was thereafter transferred to this Court by Order dated June 15, 2017.

### III. LEGAL STANDARD

"*Strickland v. Washington* supplies the standard for addressing a claim of ineffective assistance of counsel." *United States v. Smack*, 347 F.3d 533, 537 (3d Cir. 2003). "The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial court cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984).

The *Strickland* standard requires a two-part inquiry. "First, the defendant must show that counsel's performance was deficient" by showing that it fell "below an objective standard of reasonableness," including "[p]revailing norms of practice." *Id.* at

687-88. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* at 689. Counsel cannot be ineffective for failing to raise a claim without merit or failing to object where there is no underlying error. *Thomas v. Horn*, 570 F.3d 105, 121 n.7 (3d Cir. 2009).

"Second, the defendant must show that [counsel's] deficient performance prejudiced the defense." *Strickland*, 466 U.S. at 687. With respect to the prejudice prong, the defendant is required to demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A "reasonable probability" is one that is "sufficient to undermine confidence in the outcome." *Id.* However, "a criminal defendant alleging prejudice must show 'that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.'" *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993) (quoting *Strickland*, 466 U.S. at 687). An "analysis focusing solely on mere outcome determination, without attention to whether the result of the proceeding was fundamentally unfair or unreliable, is defective." *Id.*

### IV. DISCUSSION

In his § 2255 Motion, defendant raises the following five grounds for relief:

1. Henry was ineffective in failing to obtain a written plea agreement and misinforming defendant about the availability of a written plea agreement and the sentence he would receive;
2. Henry was ineffective in failing to assert an entrapment defense as to Counts One of Two of the Indictment, which charged defendant with distribution of child pornography;
3. Henry was ineffective in failing to object to the multiplicity of Count Three, which charged defendant with receipt of child pornography, and

Count Four, which charged defendant with possession of child pornography;
4. Goldberger was ineffective in failing to assert mitigating evidence and failing to object to aggravating evidence at re-sentencing;
5. Goldberger was ineffective in failing to file a notice of appeal following re-sentencing and failing to consult with him about an appeal.

For the reasons that follow, the Court denies and dismisses all of defendant's claims.

### A. Henry was not ineffective in failing to obtain a written plea agreement and allegedly misinforming defendant about the availability of a written plea agreement and the sentence he would receive.

Defendant argues that Henry was ineffective in failing to obtain a written plea agreement and in misinforming defendant about the availability of a plea agreement and the sentence defendant would receive if he pled guilty.

Defendant's claim that his Sixth Amendment right to effective counsel was violated by Henry's failure to obtain a written plea agreement fails as a matter of law. It is well established that "there is no constitutional right to a plea bargain." *Weatherford v. Bursey*, 429 U.S. 545, 561 (1977); *accord Missouri v. Frye*, 566 U.S. 134, 148 (2012) (stating that "a defendant has no right to be offered a plea."). The Government "has sole discretion whether to plea bargain." *United States v. Santtini*, 963 F.2d 585, 596 n.4 (3d Cir. 1992) (citations omitted). On this issue, defendant argues that Henry failed to "[reach] out to the United States" altogether. Mot. 50. Significantly, this claim is unsupported by defendant's own recounting of the facts, which demonstrate that Henry advised defendant to cooperate with the Government and made securing a plea agreement his primary objective in his representation of defendant. Mot. 18–19, 24.

Defendant further asserts that Henry was ineffective in advising defendant that the Government "did not offer written plea agreement in cases like his." Mot. 24. Henry's opinion that a plea agreement was unlikely in this case is not objectively unreasonable.

6

The Government, in its sole discretion, ultimately decided not to offer defendant a plea agreement. Furthermore, defendant has not shown how his reliance on Henry's statements affected "the outcome of the plea process" under the circumstances. *Lafler v. Cooper*, 566 U.S. 156, 163 (2012).

Defendant also contends that Henry misinformed him about the sentences he would receive if he pled guilty or went to trial. This claim also fails. Defendant, during his October 11, 2012 Change-of-Plea Hearing, stated under oath that nobody, including counsel, suggested or promised what sentence the court would impose. Furthermore, "defense counsel's conjectures to his client about sentencing are irrelevant where the . . . in-court guilty plea colloquy clearly establish[es] the defendant's maximum potential exposure and the sentencing court's discretion." *United States v. Shedrick*, 493 F.3d 292, 299 (3d Cir. 2007). In this case, during the colloquy conducted at the Change-of-Plea Hearing, Judge Gardner advised defendant of the maximum sentence he faced by pleading guilty and of the court's discretion to determine a sentence. Hr'g Tr. 24, Oct. 11, 2012.

**B. Henry was not ineffective in failing to assert an entrapment defense as to Counts One of Two of the Indictment, which charged defendant with distribution of child pornography.**

Defendant contends that Henry was ineffective in failing to inform defendant of and failing to assert an entrapment defense as to Counts One and Two of the Indictment, which charged defendant with distribution of child pornography.

The Court concludes that this claim fails on the ground that an entrapment defense would have been frivolous in this case. To establish an entrapment defense, a defendant must present evidence demonstrating "two related elements: (1) government

7

inducement of the crime, and (2) a lack of predisposition on the part of the defendant to engage in the criminal conduct." *United States v. Wright*, 921 F.2d 42, 44 (3d Cir. 1990). "[M]ere solicitation by the government, without more, is not 'inducement.'" *Id.* at 45 (quoting *United States v. Marino*, 868 F.2d 549, 552 n.6 (3d Cir. 1989)).

In this case, the undercover law enforcement officer did nothing more than claim to be attracted to underage boys and offer to share child pornography files with defendant. Defendant reciprocated and shared his own child pornography files with the agent notwithstanding the fact that the agent did not ask him to do so. The undercover agent's conduct does not even amount to solicitation, let alone inducement. Defendant "was given a criminal opportunity and he took it." *United States v. Miller*, 464 Fed.App'x 750, 752 (10th Cir. 2012). Because an entrapment defense would have been meritless, counsel cannot be ineffective in failing to raise the defense. *Thomas*, 570 F.3d at 121 n.7 (3d Cir. 2009).

### C. Henry was not ineffective in failing to object to the multiplicity of Count Three, which charged defendant with receipt of child pornography, and Count Four, which charged defendant with possession of child pornography.

In his third claim, defendant asserts that Henry was ineffective in failing to object to the multiplicity of the receipt and possession counts in the Indictment. Defendant argues that because possession of child pornography is a lesser-included offense of receiving child pornography, his rights under the Double Jeopardy Clause of the Fifth Amendment were violated by the Court's entry of separate convictions and sentences on the two counts. Accordingly, defendant contends Henry was ineffective in failing to assert this claim.

The Government argues that defendant procedurally defaulted on this claim

because he did not appeal the court's decision to not merge the possession and receipt claims. The Court disagrees with the Government on this issue. Defendant is not challenging the district court's decision not to merge Counts Three and Four. Rather, defendant asserts a claim for ineffective assistance of counsel pursuant to the Sixth Amendment. "[A]n ineffective-assistance-of-counsel claim may be brought in a collateral proceeding under § 2255, whether or not the petitioner could have raised the claim on direct appeal." *Massaro v. United States*, 538 U.S. 500, 504 (2003). Under *Massaro*, regardless of whether defendant's underlying claim under the Fifth Amendment's Double Jeopardy Clause is procedurally defaulted, defendant's ineffective assistance of counsel claim under the Sixth Amendment is not procedurally defaulted.

The Court concludes that Henry was not ineffective in failing to present this double jeopardy argument on the ground that the underlying claim is meritless because the separate charges in Counts Three and Four cover different images. Defendant is correct that the Third Circuit in *United States v. Miller*, 527 F.3d 54 (3d Cir. 2008), held that convictions for the receipt and possession of the same child pornography images violates the Double Jeopardy Clause. However, there is no double jeopardy violation in cases in which "different images [serve] as the basis for the separate convictions." *United States v. Conover*, No. 15-3585, 2016 WL 7187322, at *4 (3d Cir., Dec. 12, 2016); *accord United States v. Finley*, 726 F.3d 483 (3d Cir. 2013); *United States v. Sturm*, 673 F.3d 1274, 1287–88 (10th Cir. 2012); *United States v. Halliday*, 672 F.3d 462, 470 (7th Cir. 2012); *United States v. Bobb*, 577 F.3d 1366, 1375 (11th Cir. 2009).

The record in this case establishes that the distribution, receipt, and possession counts in the Indictment covered different child pornography images. Hr'g Tr. 49–51,

9

Feb. 10, 2015. Counsel cannot be ineffective in failing to raise a meritless claim. *See Thomas*, 570 F.3d at 121 n.7 (3d Cir. 2009). Furthermore, defendant was not prejudiced by Henry's failure to assert the double jeopardy argument at sentencing because Goldberger raised the argument at re-sentencing. *See, e.g.*, *Vallier v. United States*, No. 13-6118, 2016 WL 6469291, at *20 (D.N.J. Oct. 31, 2016) ("Because Petitioner has received the benefit of the argument he now claims should have been made at his initial sentencing, he suffered no prejudice.")

**D. Goldberger was not ineffective in allegedly failing to present mitigating evidence and failing to object to aggravating evidence at re-sentencing.**

Defendant further argues that Goldberger was ineffective in failing to present mitigating evidence and contest aggravating evidence at re-sentencing. The Court denies this claim on the ground that the record establishes that Goldberger did present mitigating evidence and contest aggravating evidence at re-sentencing.

Defendant argues that Goldberger failed to highlight his positive character and background, his prompt guilty plea and cooperation with the Government, and his post-arrest rehabilitation. These claims are unsupported by the record. Both in Defendant's Memorandum in Aid of Resentencing and at the Re-sentencing Hearing, Goldberger addressed defendant's sympathetic personal background—that he "rose above of a childhood of poverty, of deprivation, of discrimination and of physical violence, to be [an] educated, stable, middle class, articulate person" and that "[h]e, himself, was the victim of childhood sexual abuse." Hr'g Tr. 59, Feb. 5, 2015; *see also* Def.'s Mem. in Aid of Resentencing 11–12, 20–21. Goldberger also argued that defendant's "open plea and remorseful acceptance of responsibility" should be mitigating factors at re-sentencing. Def.'s Mem. in Aid of Resentencing 15. In addition, Goldberger presented

evidence of defendant's rehabilitation efforts, including his Bureau of Prisons Inmate Skills Development Plan Current Program Review, which detailed defendant's lack of a disciplinary record, participation in and completion of numerous educational and self-improvement classes and work history. Hr'g Tr. 31, Feb. 5, 2015; *see also* Def.'s Mem. in Aid of Resentencing 21 n.3.

Defendant further contends that Goldberger failed to contest the aggravating factors presented at re-sentencing. This argument is unsupported by the record. Goldberger argued that defendant's attempt to flee was an understandable self-protection action. Hr'g Tr. 56, Feb. 5, 2015; *see also* Def.'s Mem. in Aid of Resentencing 15. Goldberger also stated that defendant was under no judicial restraint prohibiting him from leaving the country. Def.'s Mem. in Aid of Resentencing 15. Given the highly suspect circumstances surrounding defendant's attempted trip to India, Goldberger's decision to concede that defendant was attempting to flee is within the bounds of sound trial strategy. Furthermore, Goldberger argued that defendant's admission in an online chat session that he had sexual contact with a minor in India "could only have been found to be a lie or fantasy." Def.'s Mem. in Aid of Resentencing 16; *accord* Hr'g Tr. 55, Feb. 5, 2015.

### E. Defendant was not prejudiced by Goldberger's failure to consult with him about an appeal.

In his fifth and final claim, defendant argues that Goldberger failed to file a notice of appeal upon defendant's request. Defendant further argues that Goldberger failed perform his constitutionally imposed duty to consult with a defendant about an appeal enunciated by the Supreme Court in *Roe v. Flores-Ortega*, 528 U.S 470, 480 (2000).

The test articulated in *Strickland* applies to claims that counsel was ineffective in failing to file a notice of appeal. *Roe*, 528 U.S. at 476–77. An attorney who disregards

11

specific instructions from defendant to file a notice of appeal "acts in a manner that is professionally unreasonable." *Id.* at 477. On the other hand, a defendant who instructs his attorney not to file an appeal cannot later complain that counsel performed deficiently. *Id.*

When a defendant does not clearly instruct counsel on whether to file an appeal, "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defendant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480. However, counsel does not have a duty to consult with a defendant when "a sentencing court's instructions to a defendant about his appeal rights in a particular case are so clear and informative as to substitute for counsel's duty to consult [and] counsel might then reasonably decide that he need not repeat that information." *Id.* at 479–80. When counsel has a duty to consult with defendant, the duty consists of "advising the defendant about the advantages and disadvantages of taking an appeal, and making a reasonable effort to discover the defendant's wishes." *Id.* at 478. "[T]o show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.* at 484.

Defendant's argument that Goldberger failed to file a notice of appeal despite being instructed to do so fails because it is inconsistent with the testimony and evidence presented at the November 17, 2016 Hearing. Defendant did not clearly express to Goldberger a desire to file a notice of appeal. Following re-sentencing, defendant asked

Goldberger about his options. Hr'g Tr. 16, Nov. 17, 2016. Goldberger responded that he would need some time to think about whether there were grounds for an appeal. Hr'g Tr. 16, 57, Nov. 17, 2016. Defendant asked how much an appeal would cost and Goldberger responded that it would cost $15,000 less than what he charged for defendant's first appeal. Hr'g Tr. 16, Nov. 17, 2016. Defendant responded that he did not have the money for a second appeal. Hr'g Tr. 16, Nov. 17, 2016. Based on the evidence and testimony presented at the November 17, 2016 Hearing, including defendant's own testimony, the Court finds that defendant never instructed Goldberger to file a notice of appeal.

The Court next addresses whether Goldberger was ineffective in failing to consult with defendant regarding an appeal. The Court concludes that Goldberger did not have a duty to consult with defendant regarding his right to have the court appoint appellate counsel because Judge Gardner clearly instructed defendant about his appellate rights. The Court further concludes that, in the alternative, even if Goldberger had a duty to consult and failed to perform his duty, his ineffectiveness did not prejudice defendant.

Judge Gardner clearly advised defendant of his appellate rights during the October 11, 2012 Change-of-Plea Hearing, the June 24, 2013 Sentencing Hearing, and the February 5 and 10, 2015 Re-sentencing Hearing. Hr'g Tr. 45–55, Oct. 11, 2012; Hr'g Tr. 44–53, June 24, 2013; Hr'g Tr. 29–41, Feb. 10, 2015. He informed defendant, *inter alia*, of his right to file a direct appeal by filing a notice of appeal within fourteen days of the entry of judgment of sentence. Hr'g Tr. 31–36, Feb. 10, 2015. He also told defendant that if he is "unable to continue to afford the services of a private lawyer, then upon application to the Court, the Court will appoint an attorney to represent you in a

13

direct appeal at no cost to you." Hr'g Tr. 36, Feb. 10, 2015. Throughout the colloquy, Judge Gardner asked defendant if he understood his rights, and defendant, under oath, responded in the affirmative. Hr'g Tr. 29–37, Feb. 10, 2015. Upon completion of the colloquy, defendant stated under oath that he did not have any questions. Hr'g Tr. 37, Feb. 10, 2015. The Court concludes that because the "sentencing court's instructions to . . . defendant about his appeal rights . . . [were] so clear and informative as to substitute for counsel's duty to consult . . . counsel might then reasonably decide that he need not repeat that information." *Roe*, 528 U.S. at 479–80.

In the alternative, if Goldberger had a constitutionally imposed duty to consult with defendant regarding an appeal, defendant was not prejudiced by Goldberger's deficient performance. The Court first addresses the question whether Goldberger's performance was deficient. Defendant presented evidence showing that Goldberger's performance was deficient under the first prong of *Strickland*. Specifically, after re-sentencing, Goldberger did not have any direct communication with defendant. Hr'g Tr. 59, Nov. 17, 2016. Rather, Goldberger communicated with defendant's wife and brother. Even if communicating with defendant indirectly through his family could be sufficient to provide the consultation required by *Roe*, Goldberger's communication was still insufficient. Goldberger sent defendant's wife an email on March 11, 2015, in which he briefly stated the basis for a second appeal and suggested it would be worthwhile. Gov't Exhibit 3. That limited communication does not constitute "advising the defendant about the advantages and disadvantages of taking an appeal and making a reasonable effort to discover the defendant's wishes." *Roe*, 528 U.S. at 471.

Notwithstanding Goldberger's failure to consult with defendant, the Court concludes that defendant was not prejudiced by Goldberger's failure to consult with him about an appeal. Defendant testified at the § 2255 Motion Hearing on November 17, 2016, that he understood his appellate rights during Judge Gardner's colloquy at the Re-sentencing Hearing on February 10, 2015, but he thereafter forgot them—specifically, his right to have the court appoint counsel. Hr'g Tr. 35–39, Nov. 17, 2016. Defendant testified that had he known after re-sentencing that the court would appoint appellate counsel, he would have appealed. Hr'g Tr. 43, 44, Nov. 17, 2016.

The Court does not find credible defendant's testimony that he forgot his appellate rights—specifically, the right to have counsel appointed—after re-sentencing[2]. Judge Gardner instructed defendant of his appellate rights on three separate occasions— the October 11, 2012 Change-of-Plea Hearing, the June 24, 2013 Sentencing Hearing, and the February 5 and 10, 2015 Re-sentencing Hearing. Hr'g Tr. 45–55, Oct. 11, 2012; Hr'g Tr. 44–53, June 24, 2013; Hr'g Tr. 29–41, Feb. 10, 2015. Defendant appealed following the first sentencing. Thereafter, following retained counsel's withdrawal, the Third Circuit appointed counsel to represent defendant on appeal. Hr'g Tr. 11, Nov. 17, 2016. Under those circumstances, the Court finds that defendant's testimony that after resentencing, he forgot counsel could be appointed for him on appeal not to be worthy of belief. Therefore, even if Goldberger had a duty to consult with defendant about an

---

[2] Before addressing the pending § 2255 Motion, the Court asked counsel whether, in view of Judge Gardner's death after the Hearing on the Motion, it would be necessarily to schedule a second hearing for the purpose of assessing credibility issues. In response, counsel said that they did not believe there were any credibility issues and that a second hearing was not necessary. In a follow-up telephone conference on the record on June 29, 2018, counsel agreed that, should the Court find it necessary to rule on credibility, it could do so based on the transcript and tape of the Hearing.

appeal and failed to perform that duty, defendant was not prejudiced by Goldberger's deficient performance.

V. **CONCLUSION**

For the foregoing reasons, the Court denies and dismisses defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, Or Correct Sentence by a Person in Federal Custody. A certificate of appealability will not issue because reasonable jurists would not debate whether the petition states a valid claim of the denial of a constitutional right or the propriety of this Court's procedural rulings with respect to petitioner's claims. *See* 28 U.S.C. § 2253(c)(2) (providing that a certificate of appealability will issue "only if the applicant has made a substantial showing of the denial of a constitutional right"); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

An appropriate order follows.